UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

SHAWN ALLAN CONNOR,

    Petitioner,

v.

J.C. HOLLAND, Warden,

    Respondent.

Civil Action No. 10-104-HRW

**MEMORANDUM OPINION AND ORDER**

\*\*\*\* \*\*\*\* \*\*\*\*

Shawn Allan Connor, an inmate confined at the Federal Correctional Institution in Ashland, Kentucky, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 **[D.E. 2]** and has paid the filing fee. Having reviewed the petition[1], the Court must deny relief because Connor's claims are not cognizable in a petition for a writ of habeas corpus pursuant to Section 2241.

On April 27, 2000, Connor was convicted in the United States District Court for the Western District of North Carolina, pursuant to a Plea Agreement entered in

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, at \*1 (6th Cir. October 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

Case No. 3:99-cr-00060-003. On November 30, 2000, Connor received a 188-month sentence of imprisonment on Count 1 (conspiracy to distribute narcotics (cocaine base) in violation of 21 U.S.C. § 846), and a consecutive 60-month sentence on Count 4 (using and carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), for a total sentence of 248 months.[2] Subsequently, on June 9, 2009, on the court's own motion, Connor's sentence on Count 1 was reduced, pursuant to 18 U.S.C. § 3582(c)(2), from 188 months to 151 months; therefore, Connor's total sentence was reduced to 191 months.

Irrespective of the waiver provision contained in Connor's Plea Agreement, Connor collaterally attacked his conviction and sentence in a motion filed under 28 U.S.C. § 2255. On March 8, 2004, the district court denied his § 2255 motion and dismissed the case. On December 20, 2004, the United States Court of Appeals for the Fourth Circuit dismissed the appeal.

In his petition, Connor contends that his sentence on Count 4 must be vacated in light of the Sixth Circuit's recent decision in *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010). Additionally, Connor asserts that (1) the waiver contained in his Plea Agreement is unenforceable against a collateral attack on an unlawful sentence, and

---

[2] The penalty for Count 1 was a mandatory ten-year minimum sentence; the penalty for Count 4 was a mandatory five-year sentence.

(2) he is actually innocent of the Section 924(c) offense by reason of *Almany*. Connor acknowledges that he is unable to proceed under 28 U.S.C. § 2255 in challenging the validity of the sentence imposed on Count 4 due to (1) the AEDPA's statute of limitations, and (2) the fact that he has not received permission to file a second or successive § 2255 motion. However, he asserts that he is entitled to proceed in this Section 2241 petition by reason of the "savings clause" contained in Section 2255(e).

## Discussion/Analysis

In *Almany*, the defendant received a mandatory, minimum ten-year sentence for conspiracy to possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 841(b)(1)(A), and a mandatory, minimum five-year sentence for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). The five-year mandatory, minimum sentence on the firearm charge was imposed consecutively, notwithstanding language in Section 924 which provides that such sentence is imposed "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, ..." Following the Second Circuit's lead in *United States v. Whitley*, 529 F.3d 150 (2nd Cir. 2008), the Sixth Circuit held that imposing a mandatory, consecutive sentence on the firearm charge where the defendant is already subject to a greater

mandatory minimum sentence violated the plain language of the statute. *Almany*, 598 F.3d at 241-42.

The Court must deny the petition because Connor may not assert this claim in a habeas corpus petition under section 2241. A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). Generally, a federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being executed, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

Section 2255(e) provides a narrow exception to this rule and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and

4

proceed under § 2241."); *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law or did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

A challenge only to the sentence imposed does not fall within the reach of Section 2255's savings clause. *Talbott v. Holencik*, No. 08-619, 2009 WL 322107, at *6-7 (C.D. Cal. Feb. 5, 2009) ("Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed."); *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (federal courts "ha[ve] . . . not extended the reach of the savings clause to those petitioners challenging only their sentence."); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Peterman*, 249 F.3d at 462 (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum."); *Daniel v. Shartle*, No. 10-CV-1019, 2010 WL 2697079, at *2 (N.D. Ohio July 6, 2010).

In this case, Connor challenges not only the mandatory, consecutive five-year sentence imposed for the Section 924(c) offense, but also the validity of the conviction itself in view of *Almany*, contending that he is "actually innocent" of the Section 924(c) offense. He also contends that since the consecutive, five-year sentence imposed for the Section 924(c) offense is unlawful, the waiver of his right to collaterally attack this unlawful sentence is unenforceable.

Connor's claim that he is "actually innocent" of the Section 924(c) offense by reason of *Almany* and therefore, the sentence imposed is unlawful is without merit for two different reasons: (1) factual innocence is not synonymous with "legal innocence," and (2) *Almany* had no impact on the conduct itself (*i.e.*, it did not render conduct lawful that was at one time unlawful).

Additionally, this Court is further guided by the recent decision of the United States Supreme Court in *Abbott v. United States*, ____ U.S. ____ (2010). The Supreme Court granted certiorari in *Abbott* and in *Gould v. United States,* an appeal from the Fifth Circuit, and consolidated the two cases for the purpose of resolving a conflict among the Circuits on the proper construction of § 924(c)'s "except" clause. On November 15, 2010, the Supreme Court held that a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction and is not spared from that sentence by virtue of receiving a higher mandatory minimum sentence on a different

count of conviction. In reaching this decision, the Supreme Court adopted the view of the majority of the Circuits and rejected the minority view expressed by the Sixth Circuit in *Almany*.[3]

In summary, since Connor's claim, even if meritorious, does not indicate that he was convicted of conduct "that the law does not make criminal" in light of a Supreme Court decision rendered after his direct appeal or first collateral attack on his conviction, it is not cognizable in a habeas corpus proceeding under Section 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998).

Accordingly, **IT IS ORDERED** that:

1. Connor's petition for a writ of habeas corpus **[D.E. 2]** is **DENIED.**

2. The Court will enter an appropriate judgment.

This November 17, 2010,



Signed By:
Henry R Wilhoit Jr.
United States District Judge

---

[3] In *Almany*, on June 8, 2010, the United States Department of Justice filed a petition for a writ of certiorari in the Supreme Court; however, the Supreme Court has made no decision whether to grant or to deny the petition. Based on the Supreme Court's recent decision in *Abbott*, rendered on November 15, 2010, the Supreme Court may grant certiorari and reverse *Almany*. In the alternative, since the *Abbott* decision resolved the conflict among the Circuits, the Supreme Court may deny certiorari. Nevertheless, whatever action the Supreme Court takes on the *Almany* petition for a writ of certiorari, *Almany* is no longer good law.